**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.**

GORA GROUP LLC

Plaintiff,

vs.

KISS NUTRACEUTICALS LLC

Defendant.
______________________________/

## COMPLAINT

Plaintiff GORA GROUP LLC ("Gora Group" or "Plaintiff"), through undersigned counsel files this Complaint against Defendant KISS NUTRACEUTICALS LLC ("Kiss" or "Defendant") and states:

## PARTIES

1. Plaintiff is a limited liability company organized under Florida law with its principal place of business in Sunny Isles Beach, Florida.

2. Defendant is a limited liability company organized under Colorado law with its principal place of business in Denver, Colorado.

## JURISDICIOTN AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorneys' fees, and between parties of different states.

4. This Court has personal jurisdiction over Defendant because Defendant continuously conducts business within this District.

5. Venue is proper in this District, pursuant to 28 U.S.C. § 1391, because Defendant is subject to personal jurisdiction in this District and because the acts complained of giving rise to the claims herein occurred in this District.

**GENERAL ALLEGATIONS**

6. On or about June 6, 2022, Plaintiff and Defendant executed an agreement ("Secured Promissory Note") whereby Defendant agreed to pay Plaintiff $470,900.00 with interest at the rate of 11.41% per annum, in consideration for credit extended by Plaintiff in the principal aggregate amount of $470,900.00 ("Loan"). *See* Secured Promissory Note, attached hereto as Exhibit A.

7. Further, Plaintiff and Defendant agreed to secure the payment under the Secured Promissory Note and all other obligations of Defendant to Plaintiff by granting Plaintiff a security interest the equipment described in Schedule B to the Secured Promissory Note, including a G300 Gummy Production System, as collateral. *See* Ex. A.

8. Plaintiff and Defendant agreed that payments under the Secured Promissory Note would be made using proceeds of the rebate program described in Schedule A of the agreement. *See* Ex. A.

9. The Secured Promissory Note defines an event of default to include, among other things, (i) nonpayment, when due, of any principal payable, (ii) nonpayment of any interest payable that is past due for a period of five (5) business days, and (iii) any material false or misleading statement, representation, or warranty of Defendant in the Secured Promissory Note or in any other writing at any time furnished by Defendant to Plaintiff which shall remain false or misleading and remain unremedied for a period of thirty (30) days. *See* Ex. A.

10. The Secured Promissory Note provides that on any default under the note, the remaining principal balance of the Loan, at the option of Plaintiff, shall become immediately due

and payable, and Plaintiff may exercise at any time any rights and remedies available to it under Florida. *See* Ex. A.

11. Defendant defaulted on the Secured Promissory Note by, including but not limited to:

a. Falsifying written invoices;

b. Providing fake GMP certifications; and

c. Failing to provide Plaintiff with timely payments in the amount of $353,725.00.

## CONDITIONS PRECEDENT

12. All conditions precedent to filing this instant lawsuit have been complied with or waived.

## COUNT I – JUDICIAL FORECLOSURE ON UCC LIEN

13. Plaintiff incorporates the allegations articulated in paragraphs 1 through 12 as if fully set forth herein.

14. As security for the Loan, Plaintiff and Defendant executed the Secured Promissory Note.

15. Defendant defaulted on the Secured Promissory Note.

16. As such, Plaintiff comes now to this Court to exercise its right to foreclose upon the collateral described in Schedule B of the Secured Promissory Note. *See* Ex. A.

WHEREFORE, Plaintiff demand judgment:

a) Against Defendant in an amount to be determined at trial;

b) Plaintiff's lien be found to be a valid and that it be foreclosed;

c) The collateral described in Schedule B to Secured Promissory Note be sold as on execution and the proceeds applied in payment of Plaintiff's claim and lien; and

d) For a reasonable attorneys' fee and for costs.

**COUNT II – BREACH OF CONTRACT**

17. Plaintiff incorporates the allegations articulated in paragraphs 1 through 12 as if fully set forth herein.

18. Plaintiff and Defendant executed a valid and enforceable contract. See Ex. A.

19. Plaintiff performed its duties under the contract.

20. Defendant failed to perform its duties under the contracts by, among other things, failing to pay Plaintiff $353,725.00.

21. Defendant's breach was material, and was the direct and proximate cause of the pecuniary harm to Plaintiff.

WHEREFORE, Plaintiff demands relief in the form of actual damages, consequential damages, and any other damages that can be deemed just and proper.

Date: April 14, 2023

By:

Andre G. Raikhelson
Florida Bar Number: 123657
TRAYBER RAIKHELSON
LAW GROUP, PLLC.
7000 W Palmetto Park Road
Suite 210
Boca Raton, FL 33433
Telephone: (954) 895-5566
arlaw@raikhelsonlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served through CM/ECF which shall serve all parties.

*/s/ Andre G. Raikhelson, Esq.*
Andre G. Raikhelson, Esq.